PER CURIAM.
Previously in this case, the Court adopted revisions to twenty-six Florida Supreme Court Approved Family Law Forms in response to legislation amending chapter 61, Florida Statutes. In re Amendments to the Florida Supreme Court Approved Family Law Forms, 96 So.3d 217 (FIa.2012) (amending forms in response to legislative amendments made *959 by chapter 2011-92, §§ 79-80, Laws of Fla. and chapter 2010-199, Laws of Fla.).[1] The legislation affected alimony, child support, retroactive child support, child support guidelines, and income deduction orders. Other minor revisions were also made. Interested parties were given an opportunity to file comments. Id. at 218.
One comment was filed by the Florida Department of Revenue (DOR). Upon consideration of DOR’s comment, and with input from the Advisory Workgroup on the Florida Supreme Court Family Law Forms, we adopt additional amendments to the forms, as reflected in the appendix to this opinion. The amended forms are fully engrossed and ready for use. The forms may also be accessed and downloaded from the Florida State Courts’ website at www.flcourts.org/gen_public/family/ forms-jrules/index.shtml. By adoption of the amended forms, we express no opinion as to their correctness or applicability. The forms shall become effective immediately upon release of this opinion.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (07/13)
When should this form be used?
This form should be used when a husband or wife is filing for a dissolution of marriage and you and your spouse have a dependent or minor children) together or the wife is pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must ñle this form if the following is true:
• You and your spouse have a dependent or minor child(ren) together or the wife is pregnant.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. Because you are filing the petition in this proceeding, you may also be referred to as the petitioner and your spouse as the respondent.
What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include either spousal support (alimony) or child support. For more information on constructive service, see Notice of Action for Family Cases with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.913(a)(2), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum *960 for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a) and Affidavit of Military Service, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.928, or other appropriate notice of hearing form.
CONTESTED ... If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
With this foi'm, you must also file the following:
*961 • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902Q) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
• Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), (b), or (c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Parenting Plan and Time-Sharing ... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the ehild(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak *962 with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility

• Supervised Time-Sharing

• No contact

• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and also finds that the other spouse has the ability to pay. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmar-ital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be non-marital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief ... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement ... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you *963 are unable to agree will be considered contested and settled by the judge at the final hearing.
Parenting Plan ... In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file one of the following: Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b), or Relocation/Long-Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court.
Final Judgment Form ... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*964 [[Image here]]
*965 [[Image here]]
*966 [[Image here]]
*967 [[Image here]]
*968 [[Image here]]
*969 [[Image here]]
*970 [[Image here]]
*971 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1), MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (07/13)
When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final heariny ).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes ...
With this form you must also file a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*972 [[Image here]]
*973 [[Image here]]
*974 [[Image here]]
*975 [[Image here]]
*976 [[Image here]]
*977 [[Image here]]
*978 [[Image here]]
*979 [[Image here]]
*980 [[Image here]]
*981 [[Image here]]
*982 [[Image here]]
*983 [[Image here]]
*984 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (07/13)
When should this form be used?
This form may be used to ask the court to enter a support order if your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. You can only use this form if a dissolution of mairiage has not been filed and based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition cannot address the issues of property, debts, or parental responsibility and time-sharing with child(ren). It only deals with alimony and child support. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. Because you are filing this petition, you are also referred to as the petitioner and your spouse as the respondent.
What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. Because this petition concerns child support and alimony, you should use personal service. If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a) and Affidavit of Military Service, Florida Supreme Court Approved Family Law Form 12.912(b). Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue.
Your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the heai'ing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in *985 your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see section 61.09, Florida Statutes.
Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form you must also file the following:
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
Alimony. Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and that the other spouse has the ability to pay. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, lump sum alimony, or rehabilitative alimony.
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both *986 parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief. If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form. Final Judgment Forms. These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*987 [[Image here]]
*988 [[Image here]]
*989 [[Image here]]
*990 [[Image here]]
*991 [[Image here]]
*992 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(b), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)(07/13)
When should this form be used?
This form may be used if a dissolution of marriage has not been filed, and you are requesting alimony. If a petition for dissolution has been filed, you should file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition does not address the issues of property or debts. It only deals with alimony.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. Because you are filing the petition in this proceeding, you are also referred to as the petitioner and your spouse as the respondent.
What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. Because this petition concerns alimony, you should use personal service. If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a) and Affidavit of Military Service, Florida Supreme Court Approved Family Law Form 12.912(b). Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue.
Your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of me *993 diation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see section 61.09, Florida Statutes.
Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form you must also file the following:
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and that the other spouse has the ability to pay. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, lump sum alimony, or rehabilitative alimony.
Temporary Relief ... If you need temporary relief regarding alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.
Final Judgment Forms ... These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(b), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A *994 nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*995 [[Image here]]
*996 [[Image here]]
*997 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES (07/13)
When should this form be used?
Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form only if you want the court to order more child support or less child support than the amount required by the child support guidelines.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your ease.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see section 61.30, Florida Statutes.
Special notes ...
More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
With this form you must also file the following, if not already filed:
• Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you should file this worksheet as soon as you receive a copy of his or her financial affidavit.)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*998 [[Image here]]
*999 [[Image here]]
*1000 [[Image here]]
*1001 [[Image here]]
*1002 [[Image here]]
*1003 [[Image here]]
*1004 [[Image here]]
*1005 [[Image here]]
*1006 [[Image here]]
*1007 [[Image here]]
*1008 [[Image here]]
*1009 [[Image here]]
*1010 [[Image here]]
*1011 [[Image here]]
*1012 [[Image here]]
*1013 [[Image here]]
*1014 [[Image here]]
*1015 [[Image here]]
*1016 [[Image here]]
*1017 [[Image here]]
*1018 [[Image here]]
*1019 [[Image here]]
*1020 [[Image here]]
*1021 [[Image here]]
*1022 [[Image here]]
*1023 [[Image here]]
*1024 [[Image here]]
*1025 [[Image here]]
*1026 [[Image here]]
*1027 [[Image here]]
*1028 [[Image here]]
*1029 [[Image here]]
*1030 [[Image here]]
*1031 [[Image here]]
*1032 [[Image here]]
*1033 [[Image here]]
*1034 [[Image here]]
*1035 [[Image here]]
*1036 [[Image here]]
*1037 [[Image here]]
*1038 [[Image here]]
*1039 [[Image here]]
*1040 [[Image here]]
*1041 [[Image here]]
*1042 [[Image here]]
*1043 [[Image here]]
*1044 [[Image here]]
*1045 [[Image here]]
*1046 [[Image here]]
*1047 [[Image here]]
*1048 [[Image here]]
*1049 [[Image here]]
*1050 [[Image here]]
*1051 [[Image here]]
*1052 [[Image here]]
*1053 [[Image here]]
*1054 [[Image here]]
*1055 [[Image here]]
*1056 [[Image here]]
*1057 [[Image here]]
*1058 [[Image here]]
*1059 [[Image here]]
*1060 [[Image here]]
*1061 [[Image here]]
*1062 [[Image here]]
*1063 [[Image here]]
*1064 [[Image here]]
*1065 [[Image here]]
*1066 [[Image here]]
*1067 [[Image here]]
*1068 [[Image here]]
*1069 [[Image here]]
*1070 [[Image here]]
*1071 [[Image here]]
*1072 [[Image here]]
*1073 [[Image here]]
*1074 [[Image here]]
*1075 [[Image here]]
*1076 [[Image here]]
*1077 [[Image here]]
*1078 [[Image here]]
*1079 [[Image here]]
*1080 [[Image here]]
*1081 [[Image here]]
*1082 [[Image here]]
*1083 [[Image here]]
*1084 [[Image here]]
*1085 [[Image here]]
*1086 [[Image here]]
*1087 [[Image here]]
*1088 [[Image here]]
*1089 [[Image here]]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.